IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., | : |
| Plaintiffs, | : |
| v. | : C.A. No. 12-081-LPS |
| SPECTORSOFT CORPORATION, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington, this **18th** day of **July, 2014**:

Pending before the Court is Plaintiffs' Helios Software, LLC and Pearl Software, Inc.'s ("Plaintiffs") motion to strike (D.I. 296) Defendant SpectorSoft Corporation's ("SpectorSoft" or "Defendant") Amended Answer (D.I. 290). For the following reasons, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion (D.I. 269) is **GRANTED**. The Court also **GRANTS** Plaintiffs' request that Defendant be charged with the costs and expenses incurred by Plaintiffs in presenting this motion.

The Court further **GRANTS** Defendant's request for leave to file an amended pleading (D.I. 304 at 3) to update its answer and counterclaim. Defendant **SHALL**, within seven (7) days of the date of this Order, file an Amended Responsive Pleading that is edited but is otherwise in substantially the form presented at D.I. 304 Ex. B, along with the corresponding exhibits.

1. On December 19, 2013, the Court issued an Order (D.I. 288) granting Defendant's motion for leave to file an amended responsive pleading to add a counterclaim and defense of inequitable conduct. The Court ordered that:

> SpectorSoft's motion (D.I. 164) is **GRANTED**. SpectorSoft shall, within seven (7) days of the date of this order, file an amended answer in substantially the form it has proposed (*see* D.I. 164 Ex. A).

(D.I. 288 at 4) However, in contravention of that Order, Defendant filed a newly amended pleading that was not in substantially the form it had proposed. (*See* D.I. 290) Instead, Defendant filed an Amended Answer that is significantly different from the Amended Answer it had proposed to the Court. (*See* D.I. 296 Ex. 1) The Amended Answer filed by Defendant contains at least sixteen new paragraphs over eight additional pages. (*See id.*) Defendant admits that it violated the Court's Order and asks the Court to modify its Order of December 19 *nunc pro tunc*. (*See* D.I. 304 at 3) The Court is troubled that Defendant intentionally violated the Court's Order and then asked the Court to modify its decision instead of seeking the Court's permission before filing its modified pleading. Defendant could and should have reached out to the Court in the seven-day period that the Court gave Defendant to file its Amended Answer and should have sought leave to file its newly amended pleading. Because Plaintiffs had to bear the unnecessary cost of filing this motion as a result of Defendant's conduct, the Court will charge Defendant with Plaintiffs' reasonable costs and expenses incurred in presenting this motion.

2. The Court next considers Defendant's request for leave to file another amended pleading. (D.I. 304 at 3) Pursuant to Federal Rule of Civil Procedure 15, courts generally grant motions to amend absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). For substantially the same reasons as discussed in this Court's Order of December 19, 2013 (D.I. 288), the Court finds that there is no

showing of undue delay, bad faith, or dilatory motive on the part of Defendant in filing its amended pleading. Upon review of the amended pleading (D.I. 290), the Court finds that the additional content presented in the amended responsive pleading is largely additional (alleged) support for the allegations that the Court had already allowed Defendant to make in December 2013 (*see* D.I. 288). Similarly, the Court does not find the amendments to be futile.

However, the Court shares some of Plaintiffs' concerns regarding the prejudice that Plaintiffs would face if Defendants use their pleading to disclose Plaintiffs' highly confidential technical details (*see, e.g.*, D.I. 290 at ¶ 20) and privileged communications between the inventors of the patents-in-suit and their patent counsel (*see id.* at ¶¶ 28-30, 35, 50). The modified amended responsive pleading proposed by Defendant at D.I. 304 Ex. B, which deletes much of the content to which Plaintiffs object, sufficiently addresses the Court's concerns and mitigates the prejudice to Plaintiff. Further, the Court finds that Exhibit B to D.I. 290 contains facts relevant to Defendant's inequitable conduct defense and is not, as Plaintiffs allege, a back-channel attempt by Defendant to introduce hearsay evidence into the record. Accordingly, although the Court strikes the Amended Answer that Defendant filed on December 26, 2013 (D.I. 290), the Court **GRANTS** Defendant's request for leave to file an amended pleading (D.I. 304 at 3) to update its answer and counterclaim.

_____
UNITED STATES DISTRICT JUDGE