IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : C.A. No. 12-081-LPS <br> : |
| SPECTORSOFT CORPORATION, | : <br> : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington, this **18th** day of **July, 2014**:

Pending before the Court is Plaintiffs' Helios Software, LLC and Pearl Software, Inc.'s ("Plaintiffs") motion to exclude portions of the expert testimony of Christian B. Hicks based on discussions with SpectorSoft's employee Scott Bartel. (D.I. 323) For the following reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion (D.I. 323) is **DENIED**.

1. On February 1, 2013, Defendant SpectorSoft Corporation ("SpectorSoft" or "Defendant") identified Scott Bartel, Director of Quality Assurance at SpectorSoft, in its Rule 26 initial disclosures as having "[i]nformation regarding software function and operation of the accused products." (D.I. 324 Ex. B) In June 2013, Plaintiffs noticed Mr. Bartel's deposition but he was unavailable at that time. (D.I. 379 at 1) Subsequently, Plaintiffs asked SpectorSoft to shorten its witness list and, in July 2013, SpectorSoft removed Mr. Bartel from its Rule 26 witness list. As a result, Plaintiffs never deposed Mr. Bartel.

SpectorSoft served the non-infringement report of its expert, Christian B. Hicks, on

October 18, 2013. Plaintiffs deposed Mr. Hicks on December 11, 2013. In his expert report, Mr. Hicks identified "[d]iscussions with Scott Bartel, in charge of quality assurance and testing at SpectorSoft" as material he considered in forming his opinions. (D.I. 325 Ex. E at 3) Specifically, Mr. Hicks stated that:

> Mr. Bartel informed me that SpectorSoft tests its features individually and resets the environment afresh periodically during the testing process. Such acts would not equate to the scenarios accused in the Nettles Infringement Report[1], and would not infringe under the Nettles Infringement Report's analysis.

(*Id.* Ex. F ¶ 7.2.3.1) During his deposition, Mr. Hicks provided further testimony on his conversations with Mr. Bartel regarding the testing conducted at SpectorSoft. (*See id.* Ex. G at 157:6-158:18) According to Mr. Hicks, Mr. Bartel was "brought in" as "the authoritative person" on the subject of SpectorSoft's testing procedures. (*Id.* at 161:8-21)

On August 22, 2013, the last day of discovery, Plaintiffs identified SpectorSoft's internal testing as a basis for Plaintiffs' direct infringement claim. (*See* D.I. 379 Ex. G at 31, 42) SpectorSoft denies these allegations, including by way of Mr. Hicks' expert opinion, which is based, at least in part, on his discussions with Mr. Bartel.

Plaintiffs contend that because of SpectorSoft's failure to identify Mr. Bartel in its Rule 26 disclosure, and Mr. Hicks' subsequent reliance on conversations with Mr. Bartel, the Court should exclude the relevant portions of Mr. Hicks' testimony. In an attempt to resolve this dispute, the parties met and conferred and SpectorSoft proposed producing Mr. Bartel for a 3-hour video conference or telephone deposition with the following conditions:

---

[1]Scott Nettles is Plaintiffs' technical expert. He served his Opening Report on Infringement on September 13, 2013. (D.I. 260) In response to Mr. Hicks' Rebuttal Report (D.I. 275), Nettles served his Reply Report on November 18, 2013 (D.I. 280).

> (1) that he be deposed for no more than three hours; (2) that the deposition occur at SpectorSoft's offices in Vero Beach, Florida (where Bartel works) or at another location in Vero Beach, at a convenient time for Bartel and counsel; (3) that the deposition be conducted by video conference or telephone . . . unless Plaintiffs were willing to advance [the] costs and fees [for an in-person deposition]; (4) that the topics of Bartel's questioning be limited to the subject matter of his discussion with Hicks, and that the deposition could be suspended if Plaintiffs asked questions beyond the scope of such topics and refused to withdraw the questions; and (5) that Plaintiffs withdraw [the present Motion].

(D.I. 379 at 11 n. 13) Plaintiffs were not amenable to this proposal.

2. Rule 37(c)(1) of the Federal Rules of Civil Procedures states that

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless.

When considering whether a failure to disclose is harmless, the Court considers "(1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence (the '*Pennypack* factors')." *B. Braun Melsungen AG v. Teramo Med. Corp.*, 749 F. Supp. 2d 210, 221 (D. Del. 2010) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). On balance, the Court finds that SpectorSoft's failure to disclose was harmless.

3. The first two *Pennypack* factors support Plaintiffs' position that SpectorSoft's failure to disclose was not harmless. Mr. Bartel's knowledge of internal testing at SpectorSoft is important to Mr. Hicks' analysis and Plaintiffs can reasonably claim some prejudice at not being

able to verify the facts underlying Mr. Hicks' testimony. However, the other four factors all support a finding of harmlessness. The prejudice to Plaintiffs can be cured by a short deposition of Mr. Bartel; there will be no disruption of trial; SpectorSoft has a reasonable explanation for its failure to disclose, i.e. that it did not know that Plaintiffs would assert direct infringement by testing until the last day of discovery; and SpectorSoft's multiple disclosures of Mr. Bartel in his capacity as Director of Quality Assurance (*see* D.I. 379 at 7-11) are inconsistent with any suggestion that SpectorSoft has been acting in bad faith. On balance, then, the Court finds that SpectorSoft's failure to disclose was harmless.

4. Accordingly, although the Court is denying Plaintiffs' motion, **IT IS FURTHER ORDERED** that SpectorSoft shall make Mr. Bartel available for a three (3) hour deposition on the subject matter that he discussed with Mr. Hicks as well as testing at SpectorSoft, to be conducted at a mutually convenient location, with each party bearing its own costs.

UNITED STATES DISTRICT JUDGE

4