

REX A. DONNELLY
DIRECT DIAL: 302-778-3460
EMAIL: radonnelly@ratnerprestia.com

April 13, 2015

The Honorable Leonard P. Stark
United States District Court
844 North King Street
Wilmington, DE 19801-3555

    Re:    <u>*Helios Software, LLC et al. v. SpectorSoft Corp.*</u>, C.A. No. 12-cv-00081-LPS (D. Del.)

Dear Chief Judge Stark:

    Plaintiffs produced the Lead Email nearly two years late, depriving SpectorSoft of any discovery about it, and now propose compounding that prejudice by using the document, not to support or refute any remaining issues at trial, but to tell an untrue and irrelevant story to incite the jury. The jury will be asked to determine whether SpectorSoft's products infringe certain claims of the '304 Patent, which issued in 2005. Willful infringement is no longer part of the case. [DI 453]. Plaintiffs do not tie the 2003 Lead Email or their new copying theory to any specific claims or defenses that remain in this case. The meaning Plaintiffs ascribe to the Lead Email is unsupported by the document, and does not have any tendency to make infringement of the patent claims (or damages) more or less probable than without it. Rather, it will simply cause SpectorSoft undue prejudice if it is allowed, especially after having been withheld for so long. The *Pennypack* factors overwhelmingly favor striking the Lead Email.

    **Plaintiffs Do Not Justify Their Belated Production**. Plaintiffs do not explain why they never produced the Lead Email during discovery. They do not explain how they found and produced more than 400 other lead generation emails, yet withheld the one bearing Mr. Chesley's name. They do not explain why they never searched their systems for Mr. Chesley's name, despite knowing of his involvement in this case since at least SpectorSoft's Initial Disclosures, and deposing him for two full days. They do not explain the search they performed that yielded the Lead Email, why they did not perform it sooner, or explain the vague "public sources" that purportedly prompted their search. Plaintiffs have possessed the Lead Email for the entire duration of this case and since even much earlier. Rules 26(e) and 37 require that Plaintiffs explain their failure to timely disclose this document that they now assert (wrongly) is "critical evidence." Instead of providing an explanation, Plaintiffs try to distract from their failures by attempting to blame SpectorSoft. But SpectorSoft fulfilled its discovery obligations and did nothing to prevent Plaintiffs from adequately searching their own systems for evidence they intend to use at trial.

    **SpectorSoft Is Surprised And Unduly Prejudiced By The Lead Email.** SpectorSoft is indisputably prejudiced by the introduction of a document and arguments about which it had no opportunity to take discovery, but which Plaintiffs intend to make part of their main narrative at trial. The Lead Email is unauthenticated hearsay, which, contrary to Plaintiffs' argument, does not "establish[]" that SpectorSoft obtained from Pearl Software's website an evaluation copy of Pearl Echo 5.0, or that such alleged download was accompanied by a User Guide containing specific language about Plaintiffs' patent applications. Plaintiffs in fact produced no documents showing that they actually sent Mr. Chesley a copy of Pearl Echo 5.0 or a User Guide. Plaintiffs allege such information is not reflected in Pearl's systems, but SpectorSoft had no opportunity to conduct meaningful discovery regarding any of these allegations because Plaintiffs withheld this document and their new theory until now. SpectorSoft was entitled under Rule 26 to obtain the Lead Email during



discovery and to investigate its creation and Plaintiffs' related contentions, including through depositions of Pearl's employees knowledgeable about the lead generation email process. Plaintiffs propose, without saying it, to provide that information for the first time at trial, causing further surprise and prejudice to SpectorSoft.

Plaintiffs argue that SpectorSoft could have avoided this surprise and prejudice by searching Mr. Chesley's personal email account during discovery, and demand that SpectorSoft perform that discovery now. But that turns the discovery obligation on its head. Plaintiffs had an affirmative obligation to search for and produce <u>during discovery</u> all documents they intend to use at trial in support of their claims. Plaintiffs irrefutably breached that obligation. Their argument also fails to explain what relevant information Mr. Chesley's email would supposedly contain. The Lead Email was not sent to him. SpectorSoft did not otherwise have an obligation to request a search of Mr. Chesley's personal email at all, much less back to 2003. Mr. Chesley does not recall the alleged 2003 contact or ever downloading a Pearl product. The alleged contact predates the time period for discovery (6 years prior to the filing of the Complaint, absent good cause, which Plaintiffs have failed to show here). Moreover, contrary to Plaintiffs' legally unfounded assertion, SpectorSoft does not have possession, custody, or control of Mr. Chesley's personal email account merely because he purportedly entered his personal email address into Plaintiffs' website twelve years ago. SpectorSoft's surprise and prejudice results solely from Plaintiffs' failure to comply with their discovery obligations.

**The Discovery Needed To Cure The Prejudice Would Affect The Trial Schedule.** Plaintiffs ignore altogether that SpectorSoft is entitled to discovery about the document they withheld and their new arguments. If the Lead Email is allowed, SpectorSoft should first be afforded an opportunity to investigate the facts surrounding it and Plaintiffs' related arguments. Otherwise, SpectorSoft will suffer undue prejudice at trial that Rule 26, when followed, safeguards against. Due to the effect such discovery would necessarily have on the June 15 trial date, the Court should strike the Lead Email.

Plaintiffs wrongly argue that the Lead Email has refreshed Mr. Chesley's recollection and that he has personal knowledge about the purported download. But Mr. Chesley's recollection has not been refreshed, and he has no recollection of nearly twelve years ago taking any action purportedly attributed to him in the Lead Email. Contrary to Plaintiffs' argument, SpectorSoft's counsel has not shown Mr. Chesley the Lead Email (nor represented to Plaintiffs' counsel that they did so). Rather, counsel represented to Plaintiffs that Mr. Chesley <u>still does not recall</u> ever downloading any Pearl software or otherwise contacting Pearl, after learning of Plaintiffs' contentions regarding the Lead Email. Rule 612, which relates to a writing shown to a witness that <u>actually refreshes</u> his recollection, is inapplicable. It is certainly not an independent ground to admit a document that Plaintiffs improperly withheld in discovery.

**The Prejudce To SpectorSoft Outweighs Any Purported Importance Of The Lead Email.** The Lead Email is not critical evidence of any issue that remains to be tried. It does not contradict, and is merely cumulative of, evidence already in the record. Plaintiffs misrepresent that the earliest date in the record that SpectorSoft admitted knowledge of Pearl and its products is 2007. SpectorSoft long ago supplemented its response to state that it knew about Pearl earlier, in 2004. [DI 538, Ex. A at 4 (Supplemental Response)]. And Mr. Chesley testified that he knew about Pearl Software in "the early 2000s." *Id.,* Ex. B at 164:7-20. Despite extensive discovery, no copies of any Pearl Software products were found in SpectorSoft's computers or files. Whether twelve years ago Mr. Chesley actually personally downloaded a Pearl Echo product does not have any tendency to prove copying, patent infringement, or any claim at issue in this case. The Court should strike the Lead Email and bar Plaintiffs from demanding SpectorSoft conduct any further discovery.



The Honorable Leonard P. Stark
April 13, 2015
Page 3

Sincerely,

Of Counsel:

*/s/ Rex A. Donnelly*

James P. Martin
SHARTSIS FRIESE LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111
(415) 421-6500
jmartin@sflaw.com

Rex A. Donnelly (No. 3492)
RATNER PRESTIA
1007 Orange Street, Suite 205
Wilmington, DE 19801
(302) 778-2500
radonnelly@ratnerprestia.com
Attorneys for Defendant
SPECTORSOFT CORPORATION