IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HELIOS SOFTWARE, LLC and PEARL  :
SOFTWARE, INC.,                 :
                                :
            Plaintiffs,         :
                                :  Civil Action No. 12-81-LPS
      v.                        :
                                :
SPECTORSOFT CORPORATION,        :
                                :
            Defendant.          :

**MEMORANDUM ORDER**

Having reviewed the parties' proposed pretrial order (D.I. 560), IT IS HEREBY ORDERED that:

1. At the forthcoming jury trial that begins on June 15, 2015 ("the Jury Trial"), each side will be allocated a maximum of 10-12 hours for its trial presentation, an amount of time the Court deems appropriate to permit each side to have a fair trial on all issues that will be presented to the jury. The Court will make a final determination of the number of hours within the above-stated range at or after the pretrial conference.

2. The issues to be tried at the Jury Trial are direct and indirect infringement of the asserted claims of the '304 patent and invalidity of the '304 patent.

3. Defendant's request to try its laches defense as part of the Jury Trial (*see* D.I. 560 at 2) is DENIED. Laches will be tried as part of the consolidated bench trial on inequitable conduct. Evidence relevant solely to the issue of laches will not be admitted at the Jury Trial.

4. Neither side may read to the jury or treat as undisputed facts any fact that the other side does not agree is an undisputed fact. (D.I. 560 at 4) Nor may either side read to the jury any

or all of the other side's responses to requests for admission; Plaintiffs' request that the parties be allowed to do so is DENIED. (*See id.*)

5. Defendant's proposal (D.I. 560 at 5) that the written notice being provided regarding witnesses expected to be called to testify live at trial shall ***not*** be deemed to prevent calling additional witnesses from that side's witness list based on the evidence presented at trial is GRANTED.

6. Plaintiffs' requests that Defendant be precluded from offering evidence or testimony regarding purchase or use of Defendant's product by Plaintiffs' counsel, that Defendant be precluded from presenting technical opinion testimony from Ron Chesley, and that Defendant be precluded from offering any technical non-infringement opinion from Christian Hicks (D.I. 560 at 20) are GRANTED, but Defendant may, if it wishes, request leave to present any or all of the evidence now excluded by raising these issues at the pretrial conference.

7. Plaintiffs' motion in limine ("MIL") 1, to preclude Defendant from presenting evidence or eliciting testimony regarding the Court's opinions, and that its expert (Mr. Weingust) was permitted to supplement his damages report, is GRANTED. Any minimal probative value of any of this evidence is substantially outweighed by the risk of unfair prejudice to Plaintiff. No expert will be permitted to present opinions or other evidence that has not previously and timely been disclosed or that is inconsistent with the Court's rulings. The Court will permit the parties to present evidence and argument consistent with the Court's rulings and reasoning, but no explicit nor implicit reference may be made to the fact that these were the ***Court's*** rulings and reasoning.

8. Plaintiffs' MIL 2, to preclude Defendant from presenting evidence or eliciting testimony regarding the related litigation (i.e., *Helios v. Awareness*, C.A. No. 11-1259-LPS (D.

Del., filed Dec. 19, 2011)), is GRANTED. Such evidence and the Court's rulings – which relate to different accused products – are not probative of the issues that will be the subject of the Jury Trial and, even if such evidence was relevant, any minimal probative value is substantially outweighed by the risk of unfair prejudice to Plaintiffs. The Court is not persuaded by Defendant's contention that effective cross-examination of Plaintiffs' damages expert, Mr. Weingust, requires reference to the *Awareness* litigation. Mr. Weingust's characterization of the pertinent market does not rely on any assumption as to whether Awareness' products infringe the '304 patent, but, rather, features and prices of products. If the fact of Awareness' non-infringement is relevant (a point on which Defendant has thus far failed to persuade the Court), the Court would consider allowing the jury to learn of this fact, but without any express or implicit reference to the Court's finding of non-infringement.

9. Plaintiffs' MIL 3, to preclude Defendant from presenting evidence or eliciting testimony raising the issue of inequitable conduct, is GRANTED. Evidence that relates solely to inequitable conduct is not relevant to any issue that will be part of the Jury Trial. However, evidence is not *inadmissible* solely because it is relevant to inequitable conduct, provided that it is also relevant to an issue that will be part of the Jury Trial (subject to the Federal Rules of Evidence, e.g., Rule 403).

10. Defendant's MIL 1, to preclude Plaintiffs' expert Dr. Nettles from offering opinions he did not disclose and which contradict the Court's claim construction order, is GRANTED to the extent it merely seeks to preclude an expert from offering opinions at trial that have not been timely disclosed or that contradict an order of the Court. In all other respects, Defendant's motion is DENIED. In particular, Defendant has failed to persuade the Court that the many pages of Nettles' report it attaches to the motion – which appear to highlight each

reference to the claim term "internet session" – consist of irrelevant opinions or opinions that contradict the Court's claim construction order. Additionally, Dr. Nettles expressed an opinion that his infringement opinions do not "in . . . very many cases" change if (as occurred) the Court adopted Defendant's proposed construction, and Defendant's contention that this disclosure was somehow inadequate comes too late.

11. Defendant's MIL 2, to preclude expert testimony regarding infringement and damages for the so-called New Products, is GRANTED, as there is no evidence in the record relating to the New Products, and Plaintiffs' experts have not examined the New Products. Granting the motion, however, does not necessarily mean that Plaintiffs cannot present evidence of infringement or damages relating to accused products (other than the New Products) for the period after July 8, 2014 (for Spector CNE) and July 15, 2014 (for Spector 360). Plaintiffs may seek to prove damages at the Jury Trial for the period up to the start of the Jury Trial, although Defendant will be provided an opportunity post-trial to prove that any damages award must be reduced as a result of the introduction of the New Products.

12. Defendant's MIL 3, to preclude prejudicial references to Defendant's design around and alleged copying, stealing, or stalking, is GRANTED to the extent that no evidence will be presented relating to design around, and is further GRANTED to the extent it seeks to preclude any use of the Chesley email the Court has previously stricken. To the extent Defendant seeks to preclude evidence and argument relating to whether Defendant "closely monitored" Plaintiffs, the motion is GRANTED in that Plaintiffs must provide notice to Defendant and seek leave of the Court before presenting such evidence or argument. At this point it appears to the Court that the probative value of such evidence is substantially outweighed by the risk of unfair prejudice to Defendant.

13. The consolidated bench trial on inequitable conduct and laches will be held on October 16, 2015 beginning at 8:30 a.m., with the pretrial conference on October 2, 2015 at 11:00 a.m., and the final proposed pretrial order due on September 25, 2015. The Court has decided on this schedule based on its availability as well as its consideration of the parties' positions. (*See* D.I. 551) Each side will be allocated a maximum of three and one-half (3.5) hours for its trial presentation.

The parties should be prepared to address all other disputes presented in the pretrial order that remain pending, and any motions that remain pending, at the pretrial conference next week.

　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　 HON. LEONARD P. STARK
　　　　　　　　　　　　　　　　　　　　 U.S. DISTRICT COURT