IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELIOS SOFTWARE, LLC<br>and PEARL SOFTWARE, INC. | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | ) | C.A. No. 12-081-LPS |
| SPECTORSOFT CORPORATION, | )<br>)<br>) | |
| Defendant. | )<br>) | |

## MEMORANDUM ORDER

At Wilmington this 11th day of June, 2015:

1. Presently before the Court is Defendant SpectorSoft Corporation's ("SpectorSoft" or "Defendant") Motion for Leave to Present Evidence Regarding SpectorSoft's Good Faith Belief of Non-Infringement of the Patent-In-Suit. (D.I. 575) For the reasons set forth below, the motion is GRANTED.

2. The Court's May 22, 2015 Memorandum Order (D.I. 568) granted Plaintiffs' request that Defendant be precluded from offering "any technical opinion testimony" on infringement or validity from Ron Chesley – who is the developer of the Accused Products, former Chief Technical Officer of SpectorSoft, and current SpectorSoft Board Member. (D.I. 576 at 2) Mr. Chesley was not designated as an expert in this case.

3. SpectorSoft seeks leave of Court to present Mr. Chesley's testimony as evidence of its good faith belief of non-infringement. Specifically,

> SpectorSoft intends to ask Mr. Chesley about the factual basis for
> his belief that SpectorSoft has not infringed the '304 Patent. The

1

> level of detail that SpectorSoft intends to elicit as trial testimony is the same level of detail that Plaintiffs[] elicited when they deposed Mr. Chesley. . . . SpectorSoft intends to have Mr. Chesley explain to the jury what he did to investigate Plaintiffs' infringement claims, and the reasons why he concluded that the Accused Products do not infringe and that SpectorSoft has not contributed to or induced infringement. He will testify that he has reviewed the claims of the '304 Patent, its prosecution history, has considered each claim in light of Plaintiffs' infringement theories, and ultimately the Court's claim construction. Mr. Chesley's proposed testimony will include a description of the Accused Products' purpose, functionality, and use.

(*Id.* at 2)

4. The Supreme Court recently reinforced that "[i]n contrast to direct infringement, liability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys. Inc.*, No. 13-896 575 U.S. __ (May 26, 2015) (slip op. at 5) (internal quotation marks omitted). Therefore, evidence of a good faith belief of non-infringement is relevant as to whether SpectorSoft's conduct satisfies the intent requirement of Plaintiffs' inducement theory.[1]

5. However, consistent with the Court's previous ruling, Mr. Chesley's testimony will be limited to lay, factual testimony relevant to showing SpectorSoft's intent or state of mind. Mr. Chesley is not permitted to provide expert opinion testimony. Thus, although Mr. Chesley may testify that he reviewed the patent-in-suit and came to the conclusion that the Accused Products did not infringe, and even that he is knowledgeable about SpectorSoft's non-infringement contentions (*e.g.*, D.I. 576-3, Ex. C at 378:2-5), he may not claim expertise in "looking at the[] patents and interpreting them" (*e.g.*, *id.* at 7:14-15). More particularly, Mr.

---

[1] Plaintiffs advised the Court during a teleconference yesterday (June 10, 2015) that they are not proceeding to trial on their claim of contributory infringement.

2

Chesley may not express opinions regarding the construction of claim limitations or whether particular claim elements are practiced by the accused products, opinions regarding Plaintiffs' expert's conclusions,[2] or any technical infringement analysis. Mr. Chesley may testify about the design and configuration of the accused products, and whether customers are told to configure them in certain ways and/or actually do so. (*See, e.g., id.* at 378:19-381:2) However, he may not testify about how an "Internet session" is defined and whether that limitation is met by the accused products. (*See, e.g., id.* at 381:3-386:22) Additionally, although Mr. Chesley may testify generally about older products in the market using similar technology (*e.g., id.* at 13:1-7, 14:5-24), he may not express any opinions as to whether these products practice the claims of the '304 patent (*e.g., id.* at 13:8-14:3, 14:24-15:3).

7. Furthermore, Mr. Chesley's testimony will be limited in substance to what he disclosed in his depositions, so as to avoid any unfair prejudice to Plaintiffs due to surprise. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice").

8. The Chesley email dated January 19, 2012 (D.I. 576-2, Ex. B) is admissible as it is relevant to Defendant's good faith intent, and will not be considered for the truth of the matter asserted in its content. Mr. Chesley's testimony in reference to this exhibit, as well as statements or arguments from counsel relating to it, will be limited to such admissible purposes.

9. To the extent necessary to ensure compliance with this Order, Plaintiffs may, at

---

[2] "SpectorSoft claims that Mr. Chesley 'reviewed the claims of the '304 Patent, its prosecution history, has considered each claim in light of Plaintiffs' infringement theories, and ultimately the Court's claim construction.'" (D.I. 579 at 4) The Court agrees with Plaintiffs that, "[o]n its face, this looks like an expert's patent infringement analysis." (*Id.*)

3

trial, object to specific questions posed to Mr. Chesley and/or statements or arguments made by counsel. Furthermore, either party is free to propose a limiting instruction for the Court to consider providing the jury in connection with the limited purpose for which this evidence is being admitted.

10. SpectorSoft's request in its Reply Brief that the Court exclude Plaintiffs' allegedly new theory of induced infringement (D.I. 585 at 2-3) is DENIED. Should SpectorSoft wish to object to specific expert opinion testimony as beyond the scope of disclosures required by Federal Rule of Civil Procedure 26, it may do so at trial pursuant to the procedures set out by the Court.

                                                                             *[signature]*
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE